E-FILED
Tuesday, 20 September, 2011 03:07:21 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION, WELFARE & ANNUITY FUNDS, et al., <br><br>Plaintiffs, <br><br>v. <br><br>PARKLAND ENVIRONMENTAL GROUP, INC., <br><br>Defendant. | No. 11-CV-3184 |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs' Motion to Strike Defendant's Affirmative Defenses (d/e 10). Plaintiffs (Funds) are employee welfare and benefit funds qualified under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. Complaint (d/e 1), ¶ 1. The Funds assert claims under ERISA against Defendant Parkland Environmental Group, Inc. (Parkland), for unpaid contributions to the Funds for its employees who are participants in the Funds pursuant to the terms of a collective bargaining agreement between Parkland and Laborers' Local 477. Complaint, ¶ 5. See 29 U.S.C. §§ 1132, 1145. Parkland answered and asserted twenty two affirmative defenses. Defendant Parkland Environmental Group, Inc.'s Answer and Affirmative Defenses

Page 1 of 7

(d/e 6) (Answer). The Funds move to strike all of Parkland's affirmative defenses. For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part. Parkland's First, Fourth, Seventh, Twelfth, Sixteenth, Seventeenth, Eighteenth, Twentieth, and Twenty-Second Affirmative Defenses are stricken with prejudice. The remainder are stricken with leave to re-plead, but without the redundancies and with some minimal factual allegations to explain how the legal theory asserted provides a defense to the Funds' Complaint.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(f), a Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As a general rule, motions to strike are disfavored because such motions often serve only to delay proceedings. See Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989), citing United States v. 416.81 Acres of Land, 514 F.2d 627, 631 (7th Cir. 1975). The Court, thus, is generally reluctant to allow requests to strike. The Court is particularly reluctant to strike affirmative defenses because the plaintiff is not required to file a responsive pleading and is deemed to have denied all allegations in the affirmative defenses. Fed. R. Civ. P. 7(a) and 8(b)(6).

In this case, however, the Court is compelled to allow the Motion because so many of Parkland's affirmative defenses are redundant or improper. For example, the Second, Sixth, and Eighth Affirmative Defenses all plead the statute of limitations; the Second, Fifth, and Fourteenth Defenses all plead laches; and the Fifth and Thirteenth Defenses both plead waiver and estoppel. Parkland does not allege any specifics to explain why it pleads the same defense multiple times. Such redundancies serve no purpose and are improper.

Many of the Affirmative Defenses refer to a legal theory without giving any factual detail to explain how the theory provides a defense in this case. See e.g., Answer, Tenth Affirmative Defense ("Plaintiffs' claims may be barred or limited by the doctrine of after-acquired evidence."). Parkland must give a short, plain statement of an affirmative defense that gives notice to the Funds and Court. Fed. R. Civ. P. 8(a), 8(c); Heller Financial v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). Parkland should allege some minimal facts to explain how each such defense applies in this case. Given the redundancies and the lack of notice generally, the Court strikes the Affirmative Defenses with leave to replead, with the exceptions of the Affirmative Defenses noted below that are stricken with prejudice. Upon repleading, Parkland should state its affirmative defenses succinctly and only once for each defense (unless

Parkland sets forth a good-faith basis to plead the defense more than once), and also include enough information to give the Funds and the Court notice of basis for each defense.

Several of the Affirmative Defenses must be stricken with prejudice because they cannot be saved by repleading. Parkland twice improperly alleges that it is relying on unnamed defenses and reserves the right to amend its pleadings to assert more defenses.  <u>Answer, Fourth Affirmative Defense, Twenty-Second Affirmative Defense</u>.  This is improper.  Alleging unnamed defenses is the essence of not giving notice.  Furthermore, Parkland cannot reserve unto itself the right to amend its pleadings. Parkland must seek leave to amend.  Fed. R. Civ. P. 15.  The Court will decide whether to allow amendments in accordance the applicable rules, scheduling orders, and any other appropriate considerations.  The Fourth and Twenty-Second Affirmative Defenses are improper and are stricken with prejudice.

Parkland asserts several matters as affirmative defenses that are not affirmative defenses.  An affirmative defense does not deny that the plaintiff can make out a prima facie case for its claims; rather, an affirmative defense asserts that the defendant is not liable for some independent legal reason.  <u>See</u> <u>Reis Robotics USA, Inc. v. Concept Industries, Inc.</u>, 462 F.Supp.2d 898, 906 (N.D. Ill. 2006).  Two of Parkland's Affirmative

Defenses deny some aspect of the Funds' prima facie case rather than assert a separate defense.  The First Affirmative Defense denies that the Funds state a claim; and the Twelfth Affirmative Defense denies that the Funds can prove any damages.  Thus, the First Affirmative Defense denies the sufficiency of the Funds' claim, and the Twelfth Affirmative Defense denies an element of the Funds' claims.  They are not affirmative defenses.

Other Affirmative Defenses alleged by Parkland neither deny an element of the Funds' claims nor assert a defense.  The Sixteenth Affirmative Defense challenges the Funds' jury trial demand.  This is improper.  The proper way to challenge a jury trial demand is by motion. Fed. R. Civ. P. 39(a)(2).  But beyond this, the defense is meaningless because the Funds do not make a jury trial demand. Complaint, at 1, 3-4. The Seventeenth and Eighteenth Affirmative Defenses allege that the Funds are not entitled to punitive damages.  These are meaningless because the Complaint does not seek punitive damages. Complaint, at 3-4.  The Twentieth Affirmative Defense alleges that the Complaint is frivolous, baseless, and without merit and asks for attorney fees and costs. A request for fees and costs, such as this, is not an affirmative defense and should be raised by motion at the appropriate time.  The First, Twelfth,

Sixteenth, Seventeenth, Eighteenth, and Twentieth Affirmative Defenses are stricken with prejudice.[1]

The Seventh Affirmative Defense alleges that the Funds failed to plead proper venue and have not established venue in this Court. Parkland is incorrect. First, the Funds are not required to prove anything in the Complaint, but only to allege matters. Fed. R. Civ. P. 8(a). Hence, the Complaint does not need to establish venue. Second, the Complaint alleges that venue is proper because the Funds are administered in this District. Complaint, ¶ 2. Venue is proper under ERISA in the district where the plan is administered, the breach took place, or where the defendant resides or may be found. 29 U.S.C. § 1132(e)(2). The Complaint, therefore, alleges venue.

Moreover, the general venue statute states that venue is proper in the district where Parkland, the Defendant, resides. 28 U.S.C. § 1391. Parkland states that it is located in Springfield, Illinois, which is in this District. Answer, Answer to ¶ 4 of the Complaint. Because Parkland resides in this District, venue is proper in this District regardless of whether the ERISA venue provision or the general venue provision applies. Venue is established. The Seventh Affirmative Defense is stricken with prejudice.

---

[1] The Court need not decide whether Parkland may raise these matters through appropriate procedures. The Court only decides that these matters are not properly raised as affirmative defenses in this case.

WHEREFORE, Plaintiffs' Motion to Strike Defendant's Affirmative Defenses (d/e 10) is ALLOWED in part and DENIED in part. Defendant Parkland Environmental Group, Inc.'s First, Fourth, Seventh, Twelfth, Sixteenth, Seventeenth, Eighteenth, Twentieth, and Twenty-Second Affirmative Defenses are STRICKEN with prejudice. The remainder are STRICKEN with leave to re-plead; provided, however, that any amended pleadings must state the Defendant's affirmative defenses succinctly and only once for each defense (unless Defendant sets forth a good-faith basis to plead the defense more than once), and must also state enough information to give the Plaintiffs and the Court notice of basis for each defense.

ENTER:   September 20, 2011

       *s/ Byron G. Cudmore*
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE