IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION, WELFARE & ANNUITY FUNDS, ILLINOIS LABORERS' TRAINING TRUST FUND, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, LABORERS'EMPLOYERS' COOPERATION EDUCATION TRUST, LABORERS' LOCAL 159, 477 & 703 SUBSTANCE ABUSE TESTING FUND, and MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, INC., <br><br>    Plaintiffs, <br><br>        v. <br><br> PARKLAND ENVIRONMENTAL GROUP, INC., <br><br>    Defendant. | Case No. 11-03184 |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiffs Central Laborers' Pension, Welfare, & Annuity Funds, Illinois Laborer' Training Trust Fund, Central Illinois Builders Industry Advancement Fund, Laborers' Employers' Cooperation Education Trust, Laborers' Local 159, 477, & 703 Substance Abuse Testing Fund, and Midwest Region Foundation For Fair Contracting, Inc. brought suit against Defendant, Parkland Environmental Group, Inc., pursuant to §§ 502 and

515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor-Management Relations Act of 1947 (LMRA), 29 U.S.C. §185(a).

Defendants have moved for summary judgment under Federal Rule of Civil Procedure 56. In the motion, Defendant also moves to dismiss Plaintiffs' case under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim. In the Response, Plaintiff requests oral argument. The Court finds that oral argument is unnecessary because there is jurisdiction over Plaintiffs' claims and Defendant has failed to prove there are no genuine issues of material fact. Defendant's Motions to Dismiss and Motion for Summary Judgment are DENIED.

## I. BACKGROUND

Defendant is a small company in Illinois that tests materials for toxicity and performs asbestos removal. In 2004, to secure two additional employees for upcoming projects, Defendant entered into two collective bargaining agreements with Laborers' International Union of North America, Laborers' Local 477 (hereinafter "the Union"). The second agreement ("the Agreement") was the subject of a protracted dispute between Defendant and the Union, which is not part of this litigation. The

central issue in that litigation was whether Defendant was a signatory to the Agreement. The arbitration panel found that Defendant was bound by the terms of the Agreement and directed Defendant to pay the Union $21,016 for Defendant's failure to comply with the contract's terms. See d/e 20-1, p. 8. In July of 2010, the Seventh Circuit affirmed this Court's grant of summary judgment in favor of the Union, enforcing the arbitration award. See Parkland Envtl. Grp., Inc. v. Laborers' Int'l Union of N. Am., Laborers' Local #477, 06-3238, 2009 WL 2051207 (C.D. Ill. July 8, 2009) aff'd sub nom. Parkland Envtl. Grp., Inc. v. Laborers' Int'l Union of N. Am., 390 F. App'x 574 (7th Cir. 2010).

Plaintiffs in this case are an assortment of employee benefit funds, labor organizations, and labor management committees designated in the Agreement to receive contributions from Defendant. See d/e 20-5, pp. 14, 17-19. Such funds are known as "multiemployer benefit plans" and distribute fringe benefits to covered employees. See d/e 20, p. 8. Under Article 10 of the Agreement, Defendants "agree[d] to "contribute" or "pay into" pension, welfare, and training trusts and programs, "along with Pension contributions." d/e 20-5, pp. 16-18. The sections in Article 10 specify or reference each of the Plaintiff Funds. Id. The amount of Defendant's contributions was set by a Wage Addendum to the Agreement,

based on the number of employees and the hours they worked. See d/e 20-5, p. 16; see also d/e 20-5, p. 40.

On July 11, 2011, Plaintiffs filed a Complaint in this Court. The Complaint alleges that Defendant violated the Labor Management Relations Act of 1947 (LMRA), as amended, 29 U.S.C. § 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. by failing to make contributions to Plaintiffs as required by the Agreement and successor Agreements. d/e 1. According to Plaintiffs, Defendant never properly terminated the Agreement under the Agreement's terms and has been delinquent on these contributions since March 2, 2004. d/e 20, p. 3. Plaintiffs' Complaint asks this Court to order Defendants to furnish contribution reports and payments, as well as an accounting of wages received and hours worked by Defendant's employees covered by the Agreement since March 2, 2004. d/e 1, pp. 3-4. Plaintiffs also seek judgment for all unpaid contributions, liquidated damages, audit costs, interest, and reasonable attorney's fees and court costs. Id.

Defendant now simultaneously moves to dismiss Plaintiffs' case for failure to state a claim and for lack of jurisdiction, while also moving for summary judgment. d/e 16. Both of Defendant's motions turn on the alleged finding by the National Labor Relations Board ("NLRB") that the

Agreement was "repudiated." d/e 15, p. 2. Additionally, Defendant argues that Plaintiffs' Complaint involves an issue of "representation," which the NLRB has exclusive jurisdiction to resolve. Id. at 3. Plaintiffs respond to both of these motions in a single summary judgment brief. d/e 20.

Defendants have not clearly explained in the present motions or in its previous submissions how or when the NLRB found that the Agreement was repudiated. The record, however, shows that there was some involvement of the NLRB in a possible case against Defendant.

Attached to Defendant's Motion for Summary Judgment is a letter from the General Counsel of the NLRB to John T. Long, Plaintiffs' counsel in this case. d/e 16-5. The letter is dated May 12, 2010, more than a year before Plaintiffs filed the Complaint in this case and two months before the Seventh Circuit affirmed the arbitration award for the Union. Id. The letter states, "it was determined that the Union failed to file [ ] unfair labor charges" under the National Labor Relations Act, §10(b) within the proper time frame. Id. The Union, the letter explains, had to file such charges within six months of Defendant's repudiation of the Agreement. Id.

Plaintiffs state in the response to Defendant's Motion for Summary Judgment that this letter reflects the Union's efforts to appeal the General Counsel's refusal to issue a complaint on the Union's behalf. d/e 20, p. 20.

Plaintiffs disregard this letter as irrelevant to the instant case and assert that the letter does not show an NLRB finding that Defendant repudiated the Agreement. Id.

## II. LEGAL STANDARD

### A. MOTIONS TO DISMISS UNDER 12(b)(1) and 12(b)(6)

In ruling on a motion under Rule 12(b)(1) for lack of subject matter jurisdiction, the district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the non-moving party. See Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993).

To survive a motion to dismiss brought under Rule 12(b)(6) for failure to state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). However, "If a defendant moves to dismiss the complaint under Rule 12(b)(6) (failure to state a claim) and attaches evidentiary materials, the motion is treated as a motion for summary judgment." Crawford v. United States, 796 F.2d 924, 927 (7th Cir. 1986)(referencing the last sentence of Fed.R.Civ.P. 12). Because Defendant attached evidentiary materials to the Motion for Summary Judgment in the form of exhibits, Defendant's Motion to Dismiss for failure to state a claim

under Rule 12(b)(6), the Court will apply the summary judgment standard under Rule 56(c).

## B. SUMMARY JUDGMENT

"Summary judgment is appropriate when the pleadings and submissions in the record indicate the absence of any genuine issues of material fact, such that the moving party is entitled to judgment as a matter of law." Mercatus Group, LLC v. Lake Forest Hospital, 641 F.3d 834, 839 (7th Cir. 2011). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, (1986). The movant bears the burden of establishing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant meets this burden, the non-movant must set forth specific facts demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Anderson, 477 U.S. at 252. Facts must be viewed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in factor of the non-movant. See Trentadue v. Redmon, 619 F.3d 648, 652 (7th Cir. 2010).

## III. ANALYSIS

## A. DEFENDANT'S MOTIONS TO DISMISS ARE DENIED BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION

### 1. This Court has subject matter jurisdiction over Plaintiff's claims

Defendant advances two grounds for dismissing Plaintiffs' claims. Defendant first argues that this Court lacks subject-matter jurisdiction because the NLRB has "exclusive" jurisdiction over the representation issue at play in this case. Defendant also contends that the Agreement the Plaintiffs are seeking to enforce has been repudiated. Without a valid Agreement, Defendant asserts, Plaintiffs have no case.

Neither of these grounds warrant dismissal of Plaintiffs' claims. Procedurally, Defendant's motion to dismiss under 12(b)(6) for a failure to state a claim is untimely because it must be, but was not, submitted "before pleading, if a responsive pleading is allowed." Fed.R.Civ.P. 12(b). Defendant has already filed an answer to Plaintiff's complaint. See d/e 6. Therefore, Defendant has waived any argument under 12(b)(6).[1]

Lack of subject matter jurisdiction under 12(b)(1), however, can be raised at any time throughout the course of a case. See Fed.R.Civ.P. 12(h)(3). While Defendant's 12(b)(1) motion is timely, it is ultimately

---

[1] In its answer to Plaintiff's complaint, Defendant asserted a multitude of affirmative defenses. See d/e 6, pp. 7-9. In the first affirmative defense Defendant filed, Defendant erroneously moved to dismiss Plaintiffs' claims under 12(b)(6). d/e 6, p. 7-8. Finding that this was "not [an] affirmative defense[ ]," Magistrate Judge Cudmore struck it with prejudice. d/e 17, pp. 4-7.

unpersuasive. Plaintiffs filed their suit pursuant to 29 U.S.C. §§ 1132 and 1145 of ERISA and 29 U.S.C. § 185(a) of the LMRA. Both statutes soundly confer subject matter jurisdiction to federal district courts in cases like this one. The explicit language of both statutes, edicts by the Seventh Circuit, and rulings over similar cases by this Court clearly demonstrate that federal district courts have jurisdiction over claims brought by multi-employer benefit plans like Plaintiffs.

Section 1145 of ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained Agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such Agreement.

Plaintiffs are authorized to enforce this substantive right under § 1132(e), which grants district courts of the Unites States "exclusive jurisdiction" over civil actions brought by a "participant, beneficiary, or fiduciary . . .".

Additionally, the Seventh Circuit recently confirmed its previous determination that "a multiemployer plan may sue as a fiduciary under 29 U.S.C. § 1132(e)." Line Const. Ben. Fund v. Allied Elec. Contractors, Inc., 591 F.3d 576, 580 (7th Cir. 2010); see also Auto. Mechanics Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc., 502 F.3d 740,

745 (7th Cir. 2007)("[E]mployee benefit plans may bring suit in federal court under §1132(e).").

Section 1132(d)(1) of ERISA also plainly states that "[a]n employee benefit plan may sue or be sued under this subchapter as an entity." 29 U.S.C. § 1132(d)(1). The Seventh Circuit has also explicitly and clearly held that "[ERISA] authorizes multiemployer plans to sue for delinquent contributions owed under the terms of the plan or under the terms of a collectively bargained Agreement." Cent. States, Se. & Sw. Areas Pension Fund v. Schilli Corp., 420 F.3d 663, 670 (7th Cir. 2005); see also Martin v. Garman Const. Co., 945 F.2d 1000, 1003 (7th Cir. 1991) ("Enforcement claims by a fiduciary under ERISA may be brought in federal court only.").

Accordingly, pursuant to § 1132(e), this Court has exclusive jurisdiction over Plaintiffs' ERISA claim. Indeed, benefit plans have repeatedly sought to collect delinquent funds under § 1145 in federal district courts, including this one. See, e.g., NECA-IBEW Welfare Trust Fund v. Ernie's Elec. Co., Inc., 10-CV-2046, 2012 WL 5604023 (C.D. Ill. Nov. 15, 2012)("This court has subject-matter jurisdiction pursuant to ERISA as a collection action, 28 U.S.C. §§ 1132(a)(3) and 1132(3)."); Laborers' Pension Fund v. Blackmore Sewer Const., Inc., 298 F.3d 600 (7th

Cir.2002); Cent. States Se. & Sw. Areas Pension Fund v. Kroger Co., 226 F.3d 903 (7th Cir. 2000).

The Court also has jurisdiction over Plaintiffs' LMRA claims. Section 185 of the LMRA extends to all "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." This includes "[s]uits to enforce pension rights obtained under a collective bargaining Agreement [that] may be brought under ERISA, 29 U.S.C. § 1132, or under § 301 of the [LMRA], 29 U.S.C. § 185." Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., UAW v. Keystone Consol. Indus., Inc., 793 F.2d 810, 814 (7th Cir. 1986).

**2. The NLRB does not have exclusive jurisdiction in this case because there are no issues of representation**

Defendant argues Plaintiffs' action seeks to "overturn a representation determination made by the NLRB stating that any Collective Bargaining Agreement between the parties had long before been repudiated." d/e 16, p. 6. Because "representation decisions," according to the Defendant, are within the sole jurisdiction of the NLRB, Defendants believe this Court lacks jurisdiction to hear Plaintiffs' claims. d/e 16, pp. 8-9.

However, Defendant's repackaging of Plaintiffs' claims does not strip this Court of the power to hear Plaintiffs' claims under ERISA and the LMRA.  Defendant cites many cases in the Motion for Summary Judgment reiterating that representational issues are within the exclusive jurisdiction of the NLRB.  Yet, Defendant never actually describes the alleged representation issue in this case.  Defendant is apparently contesting whether the Union represented Parkland employees during the duration of the Agreement.  In the affidavits from Parkland employees submitted as exhibits to Defendant's present motion, the Parkland employees state that they sought to de-certify the Union, which they refer to both as "Laborers Union" and simply "Laborers."  See, e.g., d/e 16-1, ¶¶ 3, 17.  Defendant's Motion for Summary Judgment refers to Plaintiffs in this case as "Laborers."  This suggests that Defendant believes this case revolves around a "representation issue" because Defendant thinks Plaintiffs and the Union are interchangeable, which they are not.  Compare d/e 16, ¶ 7 (explaining Defendant's CBA with "Laborers")  with  d/e 16, ¶ 15  (referring to the present case and stating that "Laborers filed the instant action.").

While it may be true that these employees sought decertification, any attempt to do so—whether successful or not—does not impact this case.  It is well settled that Plaintiffs, who are *not* the Union, can still seek to enforce

the terms of the Agreement. Section 1145 of ERISA "authorizes plans to sue for contributions due 'under the terms of the plan or under the terms of a collectively bargained Agreement." <u>Cent. States, Se. & Sw. Areas Pension Fund v. Schilli Corp.</u>, 420 F.3d 663, 671 (7th Cir. 2005). Relying on this ERISA language, the Seventh Circuit has found that "decertification . . . does not serve as a categorical bar to § 1145 liability." <u>Id</u>; <u>see</u> <u>also</u> <u>Central States v. Gerber Trucking</u>, 870 F.2d 1148, 1153 (7th Cir. 1989)(en banc)("If the employer simply points to a defect in its formation—such as . . . the lack of majority support for the union and the consequent ineffectiveness of the pact under labor law—it must still keep its promise to the pension plans."). Therefore, even if there was an issue with representation in this case that only the NLRB could decide, "section 515 [29 U.S.C. §1145] case law clearly establishes that we need not decide representational issues to impose liability for contributions to a multi-employer plan." <u>Moriarty v. Svec</u>, 164 F.3d 323, 334 (7th Cir. 1998) (citing <u>Gerber Trucking</u>, 870 F.2d at 1153).

### 3. Defendant has failed to show the Agreement was repudiated

Lastly, nothing in the record indicates that the NLRB found that Plaintiffs, or even the Union, repudiated the Agreement. The letter Defendant uses to show the NLRB's alleged finding of repudiation is from the General Counsel of the NLRB—not the Board itself—and affirms the

Regional Director's dismissal of the Union's—not the Plaintiffs'—request to charge Defendants with unfair labor practices. "Federal courts have unanimously held that the mere dismissal of a charge by the General Counsel does not preclude an [LMRA] action." <u>Am. President Lines, Ltd. v. Int'l Longshore & Warehouse Union, Alaska Longshore Div., Unit 60</u>, 721 F.3d 1147, 1156 (9th Cir. 2013); <u>see</u> also <u>Aircraft & Engine Maint. & Overhaul, Bldg., Const., Mfg., Processing & Distribution v. I. E. Schilling Co.</u>, 340 F.2d 286, 289 (5th Cir. 1965)("Surely, the mere refusal by the general counsel to issue a complaint is not res judicata and cannot constitute a collateral estoppel. The failure of the general counsel to issue a complaint is not necessarily based on the evidence or the merits of a case."). The NLRB has not determined the Agreement between the parties was repudiated, nor and would such a finding preclude this Court's jurisdiction.

**B. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS DENIED BECAUSE GENUINE ISSUES OF MATERIAL FACT REMAIN**

Defendant also moves for summary judgment, arguing that the Agreement was repudiated in September of 2004 after the Union failed to meet the six-month statute of limitations of section 10(b) of the NLRA. d/e 16, p. 11.

Additionally, Defendant has not shown that the NLRB or any other adjudicative body found that Plaintiffs or the Union repudiated the Agreement. Furthermore, Defendant has not shown that the six-month statute of limitations under section 10(b) of the NLRA is applicable to this case. Section 10(b) governs "unfair labor practices [which] include, *inter alia*, preventing an employee from participating in a labor organization or forming a labor organization, refusing to bargain collectively with an employee's representative, and agreeing to boycott an employer." NECA-IBEW Pension Trust Fund v. Bays Co., LLC, No. 08-CV-02133, 2010 WL 1416879, at *2 (C.D. Ill. Apr. 1, 2010); see also 29 U.S.C. § 158. A collection action brought by pension and welfare funds to collect allegedly delinquent contributions under ERISA and the LMRA does not relate to unfair labor practices. Bays Co., 2010 WL 1416879 ("[F]ailing to remit funds does not constitute an unfair labor practice as described in 29 U.S.C. § 158."); see also Teamsters & Emp'rs Welfare Trust of Ill. v. Gorman Bros. Ready Mix, 283 F.3d 877, 886 (7th Cir. 2002) ("[T]he NLRA . . . is not concerned with debt collection suits.") (Easterbrook, J., concurring). Because section 10(b) of the NLRA is not implicated in the present suit, the NLRA's six-month statute of limitations is inapplicable.

Rather than apply section 10(b)'s timeline to claims under ERISA and § 301 of the LMRA, the Seventh Circuit decided more than 20 years ago that "ERISA actions by fund trustees to collect delinquent employer contributions owed to a multiemployer benefit fund are actions to enforce written Agreements for statute of limitations purposes." Cent. States v. Jordan, 873 F.2d 149, 154 (7th Cir. 1989)(applying Illinois's 10-year statute of limitations for written contracts applied in ERISA and LMRA case brought by pension fund). In Illinois, where the Agreement in this case was signed, the statute of limitations to enforce written Agreements is 10 years. See 735 ILCS 5/13-206.

Similarly, "the timeliness of a § 301 suit [under the LMRA], such as the present one, is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." United Auto. Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 704-05 (1966). Therefore, the correct statute of limitations in this case is governed by Illinois law, and not by the NLRA. Accordingly, the NLRA's six-month statute of limitations does not bar Plaintiff's claim or compel this Court to grant Defendant's Motion for Summary Judgment.

### IV. CONCLUSION

For the reasons stated, Defendant's Motion for Summary Judgment (d/e 15) is DENIED.  Defendant's request in the Motion for Summary Judgment to award Defendant all fees and costs required to defend the present suit is also DENIED.

ENTERED: October 16, 2013

FOR THE COURT:

                                      s/ Sue E. Myerscough
                                     SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE